UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8122-BER

UNITED STATES OF AMERICA

v.

HUMBERTO PABLO-FELIPE,

    Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? ☐ Yes ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: /s/ Katie Sadlo
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 209-1043
Fax:   (561) 805-9846
Email: Katie.Sadlo@usdoj.gov

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| HUMBERTO PABLO-FELIPE, | ) | Case No. 25-mj-8122-BER |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 1, 2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Deportation or Removal. |

FILED BY ___TM___ D.C.

Mar 5, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Deportation Officer Andy Korzen, ICE
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: _____

Digitally signed by Bruce Reinhart
Date: 2025.03.05 12:59:13 -05'00'

_____
*Judge's signature*

City and state: __West Palm Beach, FL__   Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# ANDY KORZEN
# UNITED STATES DEPARTMENT OF HOMELAND SECURITY
# IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Andy Korzen, being duly sworn, depose and state as follows:

1.  I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-one years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.  This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Humberto PABLO-FELIPE, also known as Oscar GONZALEZ-DESELIS committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

3.  On or about March 1, 2025, Humberto PABLO-FELIPE was arrested in Palm Beach County, Florida on charges of driving under the influence, and two separate warrants for failure to appear in misdemeanor cases. He was booked and detained at the Palm Beach County Jail.

4.  A review of the immigration records shows that Humberto PABLO-FELIPE is a native and citizen of Guatemala. Records further show that on or about

1

February 10, 2000, Humberto PABLO-FELIPE was voluntarily removed to Mexico as he falsely claimed Mexican citizenship at that time.

5. Thereafter, Humberto PABLO-FELIPE re-entered the United States illegally, and on or about December 2, 2010, was granted voluntary departure under safeguards. On or about December 15, 2010, Humberto PABLO-FELIPE departed the United States from Miami, Florida and returned to Guatemala.

6. Thereafter, Humberto PABLO-FELIPE re-entered the United States illegally and on or about December 4, 2015, was ordered removed. The Order of Removal was executed on or about December 18, 2015, whereby Humberto PABLO-FELIPE was removed from the United States and returned to Guatemala.

7. U.S. Department of Homeland Security, HSI Forensic Laboratory Senior Fingerprint Specialist Kevin FitzGerald conducted a fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on or about March 1, 2025, that is, Humberto PABLO-FELIPE was the same person previously removed from the United States.

8. A record check was performed in the Computer Linked Application Informational Management System to determine if Humberto PABLO-FELIPE filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Humberto PABLO-FELIPE obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

9. Based on the foregoing, I submit that probable cause exists to believe that, on or about March 1, 2025, Humberto PABLO-FELIPE, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _____ day of March 2025.

Digitally signed by Bruce Reinhart
Date: 2025.03.05 12:59:29 -05'00'

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: HUMBERTO PABLO-FELIPE

**Case No**: 25-mj-8122-BER

Count #: 1

Illegal Re-entry After Deportation or Removal

8 U.S.C. § 1326(a)
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000
* **Special Assessment**: $100

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.